IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

JOEL CARTER and CATRINA FORD      )
CARTER,                           )
                                  )
      Plaintiffs,                 )
                                  )
v.                                )      No. 16-cv-02584-SHM-tmp
                                  )
21st MORTGAGE CORPORATION,        )
                                  )
      Defendant.                  )
                                  )

_____

REPORT AND RECOMMENDATION
_____

On July 13, 2016, *pro se* plaintiffs Joel Carter and Catrina
Ford Carter filed a complaint against 21st Mortgage Corporation.
(ECF No. 1.)  The same day, plaintiffs also filed an application
to proceed *in forma pauperis* (ECF No. 2), which the court
granted on July 15, 2016 (ECF No. 7).    Pursuant to
Administrative Order 2013-05 (Apr. 29, 2013), this case has been
referred to the United States magistrate judge for management
and for all pretrial matters for determination and/or report and
recommendation as appropriate.   For the following reasons, it is
recommended that plaintiffs' complaint be dismissed *sua sponte*
pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.    PROPOSED FINDINGS OF FACT

On July 13, 2016, plaintiffs Joel Carter and Catrina Ford Carter filed a "COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C., § 1983." (ECF No. 1 at 1.) In the complaint, plaintiffs allege: "Mortgage Fraud by 21st Mortgage[:] they do not [possess] the Original Note . . . [and are] collecting mortgage payments under fraud . . . ." (Id. at 2.) As relief, plaintiffs request: "To restrict and prohibit the mortgage company for any other payments and any further action regarding the . . . real property located at . . . 1872 Netherwood[, Memphis, TN 38114]. Refund all monies paid to [the defendant:] $15,000.00 plus a clean title." (Id. at 3.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.    Standard of Review

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i-iii). In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S.

662, 678-79 (2009), and <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007), are applied. <u>Hill v. Lappin</u>, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" <u>Williams v. Curtin</u>, 631 F.3d 380, 383 (6th Cir. 2011) (quoting <u>Iqbal</u>, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Iqbal</u>, 556 U.S. at 679; <u>see also</u> <u>Twombly</u>, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." <u>Williams</u>, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir.

1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**B.   Failure to State a Claim**

*1. 42 U.S.C. § 1983*

Plaintiffs' complaint is captioned "COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C, § 1983." (ECF No. 1 at 1.) To

state a claim under § 1983,[1] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970). "A § 1983 plaintiff may not sue purely private parties." <u>Brotherton v. Cleveland</u>, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." <u>Collyer v. Darling</u>, 98 F.3d 211, 231-32 (6th Cir. 1997). 21st Mortgage Corporation appears to be a purely private party, and plaintiffs' complaint does not allege that the defendant corporation's actions were performed under color of state law or could otherwise be fairly attributed to the state. Therefore, plaintiffs cannot bring a § 1983 claim against 21st Mortgage Corporation. <u>See</u> <u>Berry v. Walter Mortg. Co.</u>, No. 1:13CV-00173-JHM, 2014 WL 2219233, at *4 (W.D. Ky. May

---

[1]Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

29, 2014) (finding that plaintiff failed to state a § 1983 claim against a mortgage company when plaintiff's complaint, construed in the light most favorable to the plaintiff, did not indicate or allege that the mortgage company acted under color of state law).

### 2. Mortgage Fraud

The substance of plaintiffs' complaint, such as it is, appears to lie in a state law claim of "mortgage fraud." (ECF No. 1 at 2.) Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "So long as a [plaintiff] pleads sufficient detail — in terms of time, place and content, the nature of a defendant's fraudulent scheme, and the injury resulting from the fraud — to allow the defendant to prepare a responsive pleading, the requirements of Rule 9(b) will generally be met." United States ex rel. SNAPP, Inc. v. Ford Motor Co., 532 F.3d 496, 504 (6th Cir. 2008). "Generalized and conclusory allegations that the Defendants' conduct was fraudulent do not satisfy Rule 9(b)." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). In the complaint, plaintiffs fail to identify any particular fraudulent conduct or fraudulent scheme (including a complete lack of detail as to time, place, and content), aside from the

generalized allegation that defendant does not possess the original note. Accordingly, plaintiffs do not state a claim for fraud on which relief may be granted.

Construing plaintiffs' complaint as liberally as possible, it appears that the plaintiffs may actually be asserting a claim that the defendant lacks standing to enforce the debt instrument as to the payments it has collected and any potential actions it may take in the future. However, in attempting to make this argument, plaintiffs rely solely on the alleged fact that the defendant does not possess the original note. This allegation alone is not sufficient to comply with Federal Rule of Civil Procedure 8. See Coe v. Homecomings Fin., LLC, 509 F. App'x 520, 521 (6th Cir. 2013) ("Coe also asserts that Homecomings lacked authority to demand foreclosure on his property because Homecomings did not possess or own the original note and deed of trust. If such an obligation arose under a contract among the parties, the allegations are not sufficiently detailed to comply with Rule 8."); Mhoon v. U.S. Bank Home Mortg., No. 12-cv-03053-JPM-tmp, 2013 WL 6858680, at *8 (W.D. Tenn. Dec. 30, 2013); Malone v. U.S. Bank Nat'l Ass'n, No. 12-3019-STA, 2013 WL 392487, at *3 (W.D. Tenn. Jan. 30, 2013).[2]

---

[2]Even though the cited cases analyze this legal principle in the context of foreclosure, it applies equally to enforcing debt collections, as is the case here. The issue is whether there is

Here, plaintiffs have failed to provide factual support for the allegation that the defendant is illegally enforcing the instrument or committing "fraud." See Brown v. Fed. Nat'l Mortg. Ass'n, No. 2:13-CV-02107-JTF, 2013 WL 4500569, at *2 (W.D. Tenn. Aug. 19, 2013) ("Plaintiff has not provided any factual support as to why these parties are not entitled under Tennessee law to enforce the instrument. Absent such factual support, Plaintiff has [failed to sufficiently state] a plausible claim for relief."); see also Moore v. Carrington Mortg. Servs., No. 12-3098-STA-dkv, 2013 WL 2458720, at *13 (W.D. Tenn. June 6, 2013) ("Under Tennessee law, 'the lien of a mortgage or trust deed passes, without a special assignment thereof, to the endorsee of a note or transferee of the debt secured by the instrument.'" (quoting Gibson v. Mortg. Elec. Registration Sys., Inc., No. 11-2173-STA, 2012 WL 1601313, at *4 (W.D. Tenn. May 7, 2012))). The complaint fails to state a claim upon which relief may be granted, and the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

_____

standing to enforce, regardless of the specific form of enforcement.

[3]The district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure. Here, the court is not presently satisfied that plaintiffs have established subject matter jurisdiction. As discussed above, plaintiffs fail to state a claim under 42 U.S.C. § 1983 and thus are unable to assert federal question

## III.  RECOMMENDATION

For the reasons above, it is recommended that plaintiffs' claim be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted,


s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

July 21, 2016
Date


## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

jurisdiction under 28 U.S.C. § 1331.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006).  In addition, plaintiffs have failed to plead the citizenship of the defendant (or even provide an address for the defendant) or allege any facts to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332, including an amount in controversy in excess of $75,000.  See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring "complete diversity [of state citizenship] between all plaintiffs and all defendants" to establish jurisdiction under § 1332).  However, as 28 U.S.C. § 1915(e)(2)(B)(ii) is a sufficient basis for dismissal, it is not necessary for the undersigned to recommend a finding as to subject matter jurisdiction on these sparse facts.