# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOEL CARTER and CATRINA FORD CARTER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 16-02584 ) |
| 21st MORTGAGE CORPORATION, | ) ) ) |
| Defendant. | ) |

**ORDER**

Before the Court is the Magistrate Judge's July 21, 2016 Report and Recommendation (the "Report") recommending that the Court dismiss Plaintiffs Joel Carter and Catrina Ford Carter's (collectively, the "Plaintiffs") Complaint sua sponte, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Rep., ECF No. 8.) Neither Plaintiffs nor Defendant 21st Mortgage Corporation (the "Defendant") has filed an objection to the Report and the time to do so has passed. For the following reasons, the Magistrate Judge's Report is ADOPTED and the Plaintiffs' Complaint is DISMISSED.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis,

237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 Fed. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review — under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

The Plaintiffs' Complaint brings a claim for "VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983." (Compl., ECF No. 1 at 1.) The Magistrate Judge finds that the Defendant is a "purely private party," such that the Plaintiffs may not seek relief under § 1983. (Rep., ECF No. 8 at 5.) Construing the Plaintiffs' Complaint liberally as a state law claim for mortgage fraud, the Magistrate Judge finds that the Plaintiffs have failed to fulfill the particularity requirements of Federal Rule of Civil Procedure 9(b). (Id. at 6-7.)

2

The Magistrate Judge recommends on these grounds that the Plaintiffs' Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Report further states that any objections must be filed within fourteen (14) days after service. (Id. at 9; see also 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of the Magistrate Judge's Report], any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of the court.").)

Because no party has objected, Arn counsels the Court to adopt the Report in its entirety. Arn, 474 U.S. at 151. Adopting the Report is consistent with the policies underlying § 636, specifically judicial economy and protecting against the "functions of the district court [being] effectively duplicated as both the magistrate and the district court perform identical tasks." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

For the foregoing reasons, the Magistrate Judge's Report is ADOPTED and the Plaintiffs' Complaint is DISMISSED.

So ordered this 9th day of August, 2016.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE